---

THE RIDER-ERICSSON ENGINE Co., Respondent, v. ANNIE Y. FOWLER, Appellant.

APPEAL from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, first district, borough of Manhattan.

Harmon S. Graves, for appellant.

William J. Groo, for respondent.

GREENBAUM, J.    The plaintiff seeks to hold defendant liable, as an undisclosed principal, for the value of a "Rider Engine," which had been sold to defendant's husband as her agent.

Defendant appeals from the judgment rendered against her by the justice of the Municipal Court upon the grounds, first, that there was no evidence of her husband's agency, and secondly, that the justice improperly excluded testimony offered by defendant, to her prejudice.

It was sought to establish the husband's agency, from the testimony given by him in proceedings supplementary to execution under a judgment recovered against him by the plaintiff in an action brought for the sale and delivery to him of the identical "Rider Engine," for which plaintiff now seeks to hold defendant liable.

In the deposition in supplementary proceedings the defendant's husband explicitly stated that he "did not buy that pump for my wife," but the plaintiff claims that, in a previous part of the examination the witness having stated "at the time I bought the pump I did not disclose the fact that I was acting as agent for my wife," the inference may be drawn that this is an admission of his wife's agency.

The deposition was taken by plaintiff's counsel in narrative form, and such an answer might be consistent with the witness' purchase of the engine.

It also appeared that the pump was used in pumping water to a certain hotel property in Branchville, N. J., belonging to the defendant, the pump however being on the banks of a lake, a quarter of a mile distant from the hotel and on grounds not belonging to defendant.

It further appeared that the husband had acted as agent in the purchasing of the hotel property and the building of a hotel, and that the hotel had been leased to a son of the defendant, who had been running it for nearly four years.

It is conceded that in part payment for the pump, the plaintiff accepted an old engine, leaving a balance of $150, the amount for which recovery is here sought.

The defendant's husband testified that the aforesaid old engine

belonged to his son, the lessee of the hotel property, and that the new pump was purchased for this son and not for his wife.

It was important therefore that the defendant be permitted to show the actual relations of the son to the pump transaction.

To prove its cause of action the plaintiff called defendant's husband and introduced, without objection, his deposition in supplementary proceedings.

Upon cross-examination, defendant's counsel asked the witness the following question: " Q. Were you then, at the time of the purchase of this pump, conducting the hotel for your wife? [Objected to and excluded. Exception.] "

The question was clearly admissible and peculiarly important in view of the admissions, drawn from this witness by plaintiff's counsel in the deposition, that he had acted as his wife's agent in the purchase of the hotel property, and in the construction of the building some years before, and from which circumstance it was sought to deduce an agency existing for the wife at the time of the purchase of the pump. Defendant had the right to show what the witness' relations to the hotel were at the time of the purchase.

The defendant's son was called in her behalf and he was not permitted to testify that he was lessee of the hotel, nor what directions he gave his father relative to the pump, nor whether he had paid the money for the pump to his father.

It would seem that these inquiries were pertinent, in view of the theory upon which this case was brought, to rebut any presumption of the husband's agency for defendant that might have arisen.

We are of the opinion that justice would require a retrial of the case, not only because defendant's liability as an undisclosed principal is doubtfully established, but because the errors in the exclusion of testimony in behalf of defendant were manifestly prejudicial to her.

Judgment reversed, new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.